See also, 2007 WL 419628

**UNITED STATES of America,
Appellee,**

v.

**Terrence STEELE, Defendant–
Appellant.**

**No. 07–2445–cr.**

United States Court of Appeals,
Second Circuit.

July 1, 2008.

Randall D. Unger, Bayside, NY, for Appellant.

Edward Kang, Assistant United States Attorney, (Kevin O'Connor, United States Attorney, Karen L. Peck, Assistant United States Attorney, of Counsel), United States Attorney's Office for the District of Connecticut, New Haven, CT, for Appellee.

PRESENT: RALPH K. WINTER, ROGER J. MINER, and JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Terrence Steele appeals from an April 12, 2007 judgment of conviction and sentence of the District Court. Following a jury trial, defendant was convicted of conspiracy to possess with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 846 and possession with the intent to distribute and distribution of fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Defendant was sentenced principally to a term of 324 months' incarceration. On appeal, defendant argues that (1) his trial counsel, Norman A. Pattis, was ineffective; (2) his right of due process was violated by the government's "improper bolstering of the credibility" of a trial witness; and (3) his sentence was procedurally unreasonable because the District Court failed to properly consider the factors set forth in 18 U.S.C. § 3553. In his supplemental brief, defendant argues that (4) we should remand the cause for resentencing pursuant to our decision in *United States v. Regalado*, 518 F.3d 143 (2d Cir.2008). We assume the parties' familiarity with the facts and procedural history of the case.

■ A claim for ineffective assistance of counsel must establish both that counsel's representation was unreasonable under the "prevailing professional norms," *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and that, but for counsel's incompetence, there is a reasonable probability that "the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. 2052. The record on appeal is insufficient to determine whether trial counsel's decisions were reasonable and whether any prejudice resulted therefrom. We have expressed an aversion to addressing ineffective assistance of counsel claims on direct appeal because of the possibly inadequate factual record. *See, e.g., United States v. Oladimeji*, 463 F.3d 152, 154 (2d Cir.2006) ("Where the record on appeal does not include the facts necessary to adjudicate a claim of ineffective assistance of counsel, our usual practice is not to consider the claim on the direct appeal, but to leave it to the defendant to raise the claims on a petition for habeas corpus under 28 U.S.C. § 2255."). We therefore do not consider the merits of this claim as a part of this

direct appeal. Defendant may raise that claim in the District Court by petition under section 2255, in which proceeding the District Court would be able to develop a full record in order to determine whether trial counsel's decisions constituted ineffective assistance of counsel. *Cf. Sparman v. Edwards,* 154 F.3d 51, 52 (2d Cir.1998) ("We believe that a district court facing the question of constitutional ineffectiveness of counsel should, except in highly unusual circumstances, offer the assertedly ineffective attorney an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs."). At oral argument, defendant's appellate counsel, Randall D. Unger, expressed his willingness to continue to represent defendant in the District Court in the filing of such a motion. Accordingly, counsel is directed to file such a motion, after consultation with defendant, and to seek appointment as counsel in the District Court.

■ When, as here, a defendant fails to object at trial to the introduction of certain evidence, we review the admission of the evidence for plain error. *See, e.g., United States v. Hourihan,* 66 F.3d 458, 463 (2d Cir.1995). We conclude that the District Court's decision to permit the Government to present testimony on the cooperating witness's past cooperation with law enforcement after the witness's credibility had been attacked on cross-examination by defense counsel was not plain error. Any error that may have been committed was not plain. *See, e.g., United States v. Quinones,* 511 F.3d 289, 316 (2d Cir.2007) ("To demonstrate plain error, a defendant must show (1) error, (2) that is plain at the time of appellate review, and (3) that affects substantial rights. Where these conditions are met, we have the discretion to notice a forfeited error if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings.")

■ We conclude that the District Court properly considered the relevant § 3553(a) factors and that the defendant's sentence was not otherwise procedurally unreasonable. Defendant's argument that the District Court failed to consider the § 3553(a) factors finds no support in the record. The Government specifically addressed those factors at the sentencing hearing. The Court did not enumerate each of the factors, but such a discussion is not required where it is clear, as it is here, that the Court considered those factors in rendering the sentence. *See United States v. Pereira,* 465 F.3d 515, 523 (2d Cir.2006) ("[A] sentencing judge's decision not to discuss explicitly the sentencing factors or not to review them in the exact language of the statute does not, without more, overcome the presumption that she took them all properly into account."); *see also United States v. Fernandez,* 443 F.3d 19, 30 (2d Cir.2006) ("[W]e will not conclude that a district judge shirked her obligation to consider the § 3553(a) factors simply because she did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced.").

■ Finally, we conclude that a remand for resentencing in accordance with our decision in *Regalado* is appropriate under these circumstances. At sentencing, the District Court exercised its discretion in granting a one-level Criminal History departure, and the District Court's comments at sentencing, while somewhat ambiguous, suggest that the Court was likely "unaware of . . . its discretion to consider that [crack-powder disparity] might result in a sentence greater than necessary." *Regalado,* 518 F.3d at 147; *see also United States v. Jones,* 531 F.3d 163, 179–82 (2d Cir.2008). Accordingly, we remand the sentence to the District Court for recon-

sideration in accordance with the procedures set forth in *Regalado.*

Having reviewed the parties' briefs, the record, and oral argument, we reject defendant's remaining arguments as lacking in merit.

For the reasons stated above, the judgment is **AFFIRMED** in all respects except that we **REMAND** the cause to the District Court for resentencing pursuant to the procedures set forth in *United States v. Regalado,* 518 F.3d 143 (2d Cir.2008), for further proceedings consistent with this order.