09-0578-cr
United States v. Stewart

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of February, two thousand and ten.

PRESENT:   AMALYA L. KEARSE,
           PETER W. HALL,     *Circuit Judges*,
           JED S. RAKOFF,*     *District Judge*.

-------------------------------------------------------------------x

UNITED STATES OF AMERICA,

                                *Appellee*,

   -v.-                                      No. 09-0578-cr

HORACE STEWART,

                                *Defendant-Appellant*.

-------------------------------------------------------------------x

APPEARING FOR THE APPELLANT:    LUCAS E. ANDINO, New York, New York.

APPEARING FOR THE APPELLEE:    STEPHEN E. FRANK, Assistant United States Attorney (Susan Corkery, on the brief) for Benton J.

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Campbell, United States Attorney for the Eastern District of New York.

This is an appeal the judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*) denying defandant-appellant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). **UPON DUE CONSIDERATION WHEREOF**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Horace Stewart appeals from the judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*) denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). This Court reviews a district court's decision to modify or maintain a sentence under 18 U.S.C. § 3582(c)(2) under an abuse of discretion standard. *United States v. Borden*, 564 F.3d 100, 101 (2d Cir. 2009). We assume the parties' familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal. For the following reasons, we affirm the district court's judgment.

When presented with a § 3582(c)(2) motion, the district court first must consider whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced. *See* U.S.S.G. § 1B1.10(b)(1). If the defendant is eligible, the district court then may reduce the sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(2).

Here, the district court determined that Stewart was eligible for a sentence reduction, but it declined to grant his section 3582(c)(2) motion. Stewart contends that this decision was an

abuse of discretion for two main reasons: (1) the court misassessed the evidence of his institutional conduct; and (2) the court double-counted his criminal history.

Stewart's arguments are without merit. First, Stewart concedes that the institutional conduct of an inmate is relevant to a consideration of the section 3553(a) factors on resentencing. *See* U.S.S.G. § 1B1.10, App. Note 1(B)(iii) ("The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining . . . [w]hether a reduction in the defendant's term of imprisonment is warranted . . .."). Moreover, a district court is not prohibited from considering a defendant's record in evaluating a motion for resentencing. To the contrary, a court is "well within its authority" in denying a resentencing motion on the basis of a defendant's "extensive criminal history." *Borden*, 564 F.3d at 104. The district court explained that its conclusion was "[b]ased upon submissions of counsel and oral argument, based upon the unenviable record of Mr. Stewart, based upon the fact that Mr. Stewart is an illegal alien and taking into consideration all the factors in 3553(a) . . .." The undisputed evidence before the court provided amply basis for the court to conclude that Stewart is a recidivist, and that the previously imposed sentence was both appropriate and necessary to protect the public from further crimes. *See* 18 U.S.C. 3553(a)(1), (2)(C).

Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

3