09-3291-cr
U.S. v. Goins (Steele)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of December, two thousand ten.

PRESENT:   REENA RAGGI,
              DEBRA ANN LIVINGSTON,
              DENNY CHIN,
                  *Circuit Judges.*

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,
                  *Appellee*,

       v.                              No. 09-3291-cr

TERRENCE STEELE, a.k.a. TEE-FUR, a.k.a. T, a.k.a. T-FUR,
                  *Defendant-Appellant*,

CHRISTOPHER GOINS, a.k.a. MAD BALL,
                  *Defendant.*
-----------------------------------------------------------------------

FOR APPELLANT:       Randall D. Unger, Esq., Bayside, New York.

FOR APPELLEE:        David B. Fein, United States Attorney for the District of Connecticut (David J. Sheldon, Assistant United States Attorney, Elizabeth A. Latif, Assistant United States Attorney (of counsel), *on the brief*), New Haven, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Ellen

Bree Burns, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the amended judgment entered on July 31, 2009, is AFFIRMED.

Defendant Terrence Steele was convicted following a jury trial of conspiratorial and substantive possession, with intent to distribute, of 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Steele previously appealed his original sentence of 324 months' imprisonment, and we remanded to the district court for reconsideration in accordance with the procedures set forth in United States v. Regalado, 518 F.3d 143 (2d Cir. 2008). See United States v. Steele, 283 F. App'x 838 (2d Cir. 2008). Steele now appeals the sentence of 151 months' imprisonment and ten years' supervised release imposed on remand. We review a sentence for reasonableness, see United States v. Booker, 543 U.S. 220, 261-62 (2005), a standard akin to review for abuse of discretion, see United States v. Cavera, 550 F.3d 180, 187-89 (2d Cir. 2008) (en banc). "Reasonableness review involves consideration of both the length of the sentence (substantive reasonableness) and the procedures used to arrive at the sentence (procedural reasonableness)." United States v. Canova, 485 F.3d 674, 679 (2d Cir. 2007). We assume familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Procedural Reasonableness

Steele concedes that the district court correctly calculated the applicable Guidelines range of 151 to 188 months, and that his sentence was at the bottom of that range. He does not dispute that the ten-year term of supervised release was within the applicable statutory range of five years to life. He contends, however, that the sentence was procedurally flawed because the district court (a) erred by presuming that the Guidelines range of imprisonment was reasonable, particularly in light of concerns about the disparity between the powder cocaine and crack cocaine guidelines; (b) failed to consider Steele's long-term cocaine and marijuana dependency as a factor in his extensive criminal history; and (c) failed to consider any of the required statutory factors in connection with the ten-year term of supervised release, see 18 U.S.C. § 3583(c). We are not persuaded.

Steele's first two assertions are belied by the record. At sentencing, the district court acknowledged our instruction "to consider the disparity between cocaine and cocaine base, in terms of the sentences that are imposed," and stated, "I do take that in[to] consideration." Sentencing Tr. at 22. The district court further considered Steele's request for a non-Guidelines prison sentence of ten years, the mandatory minimum, before ultimately concluding "that a sentence within the guideline range is appropriate" under all the circumstances. Sentencing Tr. at 23. On this record, we identify no procedural error in the district court's proper understanding of its discretion to impose a non-Guidelines sentence after United States v. Booker, 543 U.S. 220, or to depart from the crack cocaine guidelines for policy reasons after Kimbrough v. United States, 552 U.S. 85 (2007). See Spears v.

3

United States, 129 S. Ct. 840, 843 (2009) ("That was indeed the point of Kimbrough: a recognition of district courts' authority to vary from the crack cocaine Guidelines based on policy disagreement with them, and not simply based on an individualized determination that they yield an excessive sentence in a particular case." (emphasis in original)).

Steele's third contention, that the district court failed to consider his drug dependency, similarly finds no support in the record. Defense counsel raised this argument repeatedly at sentencing, as well as in his written submission. The district court indicated it had read Steele's submission and "taken into consideration Mr. Steele and his personal history, and his characteristics," as required by 18 U.S.C. § 3553(a). Sentencing Tr. at 22. "[W]e entertain a strong presumption that the sentencing judge has considered all arguments properly presented to her, unless the record clearly suggests otherwise." United States v. Fernandez, 443 F.3d 19, 29 (2d Cir. 2006). This presumption is "especially forceful" when the sentencing judge clearly states that she has read the relevant submissions and considered the § 3553(a) factors. Id.; see also United States v. Negron, 524 F.3d 358, 361 (2d Cir. 2008). Steele identifies nothing in the record that would tend to rebut this presumption.

Finally, Steele's contention that the district court did not consider the required § 3583(c) factors in imposing supervised release is also unconvincing. In the absence of record evidence suggesting otherwise, we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors. See United States v. Fernandez, 443 F.3d at 30-31 (collecting cases); see also, e.g., United States v. Malki, 609 F.3d 503, 512 (2d

4

Cir. 2010). Steele has identified no record evidence indicating that the district court neglected to consider the § 3583(c) factors. Rather, the record reveals the court's considered decision that "[g]iven the defendant's criminal history . . . it will be to his benefit to have the guidance of probation for a longer period of time" than the mandated minimum term of five years' supervision. Sentencing Tr. at 25. Accordingly, we identify no procedural errors warranting remand.

    2.    <u>Substantive Reasonableness</u>

Steele argues that a sentence of 151 months' imprisonment and ten years' supervised release is substantively unreasonable because it is greater than necessary to achieve the objects of sentencing. <u>See</u> 18 U.S.C. §§ 3553(a), 3583(c). He contends that a mandatory minimum sentence of ten years' imprisonment would have been adequate.

As this court has made plain, "[a] sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime," and we will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." <u>United States v. Cavera</u>, 550 F.3d at 188-89 (emphasis and internal quotation marks omitted). Thus, while the parsimony clause requires a district court to impose "a sentence sufficient, but not greater than necessary," to comply with statutory objectives, 18 U.S.C. § 3553(a), we review the sentence actually imposed only for reasonableness. <u>See</u> <u>United States v. Williams</u>, 475 F.3d 468, 476-77 (2d Cir. 2007). The question is not whether we "might reasonably have

concluded that a different sentence was appropriate." Gall v. United States, 552 U.S. 38, 51 (2007). We consider only "whether the sentence imposed falls within the broad range that can be considered reasonable," United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008), mindful that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within [that] broad range of sentences," United States v. Fernandez, 443 F.3d at 27; accord Rita v. United States, 551 U.S. 338, 347 (2007).

With these principles in mind, we identify no basis to conclude that Steele's sentence is substantively unreasonable. The district court carefully weighed the relevant considerations and discussed the seriousness of Steele's offenses, the need for specific and general deterrence, the need to avoid unwarranted sentencing disparities, and Steele's extensive criminal history as factors supporting the sentence imposed. On this record, we do not deem this one of the "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d at 189 (internal quotation marks omitted). Thus, we reject the claim that the sentence is substantively unreasonable.

3.  <u>Conclusion</u>

We have considered Steele's other arguments on appeal and conclude that they are

without merit.  Accordingly, we AFFIRM the judgment of conviction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court