13-4158-cr
*United States v. Horace Stewart*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand fourteen.

PRESENT:  JOSÉ A. CABRANES,
RICHARD C. WESLEY,
PETER W. HALL,
      *Circuit Judges.*

---

UNITED STATES OF AMERICA,

    *Appellee,*

      v.                            No. 13-4158-cr

HORACE STEWART,

    *Defendant-Appellant.*

---

**FOR DEFENDANT-APPELLANT:**      Lucas E. Andino, New York, NY.

**FOR APPELLEE:**      Amy Busa, Michael P. Robotti, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Defendant-appellant Horace Stewart appeals from the District Court's October 23, 2013 order denying his motion, pursuant to 18 U.S.C. § 3582(c)(2), for a sentence reduction, based on an amendment to the United States Sentencing Guidelines that lowered the base offense levels applicable to certain cocaine base ("crack") offenses. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On October 11, 2001, Stewart pleaded guilty, pursuant to a plea agreement with the Government, to a superseding information charging him with one count of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C). Stewart's Guidelines' range at the time was 168 to 210 months' imprisonment. The Government moved for an upward departure—to the statutory maximum sentence of 240 months—based on its argument that Stewart was a career drug dealer and supplier to a violent drug crew who, after being deported to Jamaica following two convictions for drug dealing, re-entered the United States illegally and resumed his criminal activity. Stewart opposed the Government's motion and moved for a downward departure. The District Court rejected both motions and sentenced Stewart to a term of imprisonment of 210 months—*i.e.*, the top of the applicable Guidelines range—to be followed by six years' supervised release.

In February 2008, Stewart filed his first motion for a reduction of his sentence under 18 U.S.C. § 3582, based on Amendment 706 to the United States Sentencing Guidelines, which reduced the base offense level for certain crack cocaine offenses, including Stewart's. *See* U.S.S.G. App. C. Amend. 706 (effective Nov. 1, 2007). On January 30, 2009, the District Court denied Stewart's motion. We affirmed the District Court's denial in an unpublished summary order. *See United States v. Stewart*, 367 F. App'x 201 (2d Cir. 2010).

On April 13, 2012, Stewart submitted a second motion for a reduction of his sentence under 18 U.S.C. § 3582, this time based on Amendment 750 to the Sentencing Guidelines, which further reduced the offense level applicable to crack cocaine offenses. *See* U.S.S.G., 2010 Supp. to App. C, Amend. 750 (effective Nov. 1, 2010). Applying the reduced offense level to Stewart's guidelines calculation would have yielded a range of 108 to 135 months—the District Court, however, incorrectly stated in its order that the amended range was 108 to 168 months. On October 23, 2013, the District Court denied the motion on the basis that Stewart had "not submitted sufficient justification for upsetting the Court's previous balancing of the factors outlined in 18 U.S.C. § 3553(a)." J.A. 91.

On appeal, Stewart claims that the District Court abused its discretion in deciding not to reduce his sentence by failing to consider his good conduct in prison since 2007. Stewart also asserts that the District Court committed prejudicial procedural error by miscalculating his amended

Guidelines' sentencing range and by failing to consider the § 3553(a) factors as they pertained to his post-2007 conduct.

Under 18 U.S.C. § 3582(c)(2), a District Court "*may* reduce the term of imprisonment" of a defendant whose sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," after "considering the factors set forth in section 3553(a) to the extent that they are applicable." Following the enactment of the Fair Sentencing Act of 2010 ("FSA"), the Sentencing Commission made retroactive the provisions of Amendment 750, which implements the FSA. Accordingly, under Amendment 750, an eligible defendant *may* receive a reduction in his sentence *if* the District Court determines—after considering the factors set forth in § 3553(a)—that such a reduction is justified. *See* U.S.S.G. § 1B1.10 cmt. N. 1(B) (2012); *Dillon v. United States*, 560 U.S. 817, 828 (2010).

Here, the District Court's decision to deny Stewart's request for a sentence reduction is reviewed for "abuse of discretion." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (a retroactive amendment using "may" merely authorizes a reduction in sentence, it does not require one). Based upon our review of the record, we find no error in the District Court's order, much less an "abuse of discretion." *See generally In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining the term of art "abuse of discretion"); Joseph T. Sneed, *Trial-Court Discretion: Its Exercise by Trial Courts and Its Review by Appellate Courts*, 13 J. App. Prac. & Process 201, 207–08 (2012) (commentary by the late Judge Sneed, a former Dean of the Duke Law School, on the several possible meanings of "abuse of discretion").

First, we reject Stewart's claim that the District Court failed to appropriately consider the § 3553(a) factors. In denying Stewart's motion, the District Court expressly stated that "[t]he imposed sentence of 210 months is not greater than necessary to achieve the objectives of punishment set forth in § 3553(a)(2)(A)–(D)." J.A. 91. There is no obligation that the District Court specifically enumerate or discuss each of the § 3553(a) factors, especially given the District Court's familiarity with Stewart's case. Moreover, there is a "strong presumption" that the sentencing court considered all arguments properly presented to it, *see United States v. Negron*, 524 F.3d 358, 361 (2d Cir. 2008), and Stewart has provided no evidence to the contrary.

Second, the District Court's error in calculating the amended Guidelines range was harmless. The Government concedes that the District Court procedurally erred when it adopted the Government's incorrect statement that the amended Guidelines range was 108 to 168 months when, in reality, it was 108 to 135 months. But "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Fed. R. Crim. P. 52(a). The Supreme Court has stated that where "the district court misapplied the Guidelines, a remand is appropriate *unless* the reviewing court concludes, on the record as a whole, that the error was harmless, *i.e.*, that the error did not affect the district court's selection of the sentence imposed." *Williams v. United States*, 503 U.S. 193, 203 (1992) (emphasis added).

3

Here, it is clear from the record that the miscalculation of the Guidelines range was not a factor in the District Court's decision to deny Stewart's motion. As noted, the District Court based its decision solely on the fact that the "imposed sentence of 210 months is not greater than necessary to achieve the objectives of punishment set forth in § 3553(a)(2)(A)–(D)," and that Stewart had "failed to raise any significant factors not previously considered at sentencing and at the hearing on his first motion for resentence." J.A. 91. There is no basis for concluding that the District Court relied in any way on the incorrectly calculated Guidelines range in its denial on October 23, 2013 of Stewart's second motion for resentencing. Rather, as we recognized in affirming the District Court's denial of Stewart's *first* motion for resentencing, Stewart's extensive criminal history, his institutional conduct, and his recidivism amply justify his 210-month sentence.

We have considered all of the arguments raised by Stewart on appeal and find them to be without merit. For the reasons stated above, the October 23, 2013 order of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court