16-1245-cr (L)
*United States of America v. Jermaine R. VanHoesen*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of September, two thousand seventeen.

PRESENT:  JOHN M. WALKER, JR.,
          JOSÉ A. CABRANES,
          REENA RAGGI,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                    *Appellee,*                    16-1245-cr (L), 16-1251 (Con)

          v.

JERMAINE R. VANHOESEN,

                    *Defendant-Appellant.*

---

**FOR APPELLEE:**                    STEVEN D. CLYMER, for the Acting
                                     United States Attorney for the Northern
                                     District of New York Grant C. Jaquith,
                                     Syracuse, NY.

**FOR DEFENDANT-APPELLANT:**         ERIN MCCAMPBELL, Lipsitz Green Scime
                                     Cambria LLP, Buffalo, NY.

Appeal from the judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Jermaine R. VanHoesen appeals from a decision and order of the district court, denying his motion for a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and from the district court's denial of his motion for reconsideration. The district court principally held that while VanHoesen was eligible for a further reduction under Amendment 782 to the U.S. Sentencing Guidelines, a reduction was not warranted in light of his lengthy criminal history and the fact that the district court had already reduced his sentence in 2014. On appeal, VanHoesen argues that the district court erred when it denied his motion for sentence reduction and for reconsideration (1) by relying on his pre-sentencing and acquitted conduct, none of which had prevented the court from granting his earlier sentencing reduction motion, and (2) by failing to credit his rehabilitative efforts and compliance with prison rules. VanHoesen also argues that the district court failed to sufficiently explain its reasoning. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

## STANDARD

We review *de novo* a district court's determination whether a § 3582(c)(2) movant is eligible, as a matter of law, to have his or her term of imprisonment reduced. *United States v. Main*, 579 F.3d 200, 202-203 (2d Cir. 2009) ("We review *de novo* the determination of whether [a defendant's] sentence was 'based on a sentencing range that was subsequently lowered by the Sentencing Commission,' because this determination is a matter of statutory interpretation.") (quoting *United States v. Williams*, 551 F.3d 182, 185 (2d Cir. 2009)). By contrast, a district court's discretionary decision to deny a motion for a sentencing reduction under § 3582(c)(2) is reviewed for abuse of discretion. *See United States v. Borden,* 564 F.3d 100, 104 (2d Cir. 2009). "[a] district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, alteration, and citations omitted); *see also In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (explaining that "abuse of discretion" is a nonpejorative "term of art").

## DISCUSSION

### I.        Denial of Sentence Reduction

First, VanHoesen argues that the district court abused its discretion when it denied his motion for sentence reduction because it relied on his pre-sentencing conduct and on conduct for which he was acquitted. He also asserts that the district court failed to credit his rehabilitative efforts and compliance with prison rules. We disagree. § 3582(c)(2) states that a court may reduce a criminal defendant's sentence "after considering the factors set forth in [18 U.S.C. § 3553(a) to the extent

that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Courts typically consider two issues: (1) whether the court has authority to amend the sentence set by the 11(c)(1)(C) agreement; and (2) assuming that revision of the defendant's sentence is permissible, whether the defendant's individual circumstances merit reduction. *See United States v. Leonard*, 844 F.3d 102, 106-09 (2d Cir. 2016). Here, the district court held that it had authority to amend VanHoesen's sentence but it declined to exercise such authority due to his extensive criminal history.

Our precedents are clear that a district court is "well within its authority" in denying a resentencing motion on the basis of a defendant's "extensive criminal history." *Borden,* 564 F.3d at 104 ("[T]he District Court was acting well within its authority in deciding that, based upon [the defendant's] extensive criminal history, a sentence of ninety-six months['] imprisonment was appropriate."); *see also United States v. Stewart*, 367 F. App'x 201, 203 (2d Cir. 2010) (affirming district court's decision to deny sentence reduction despite defendant's eligibility based on defendant's extensive criminal record and history of recidivism). Furthermore, it is worth noting that the district court granted an earlier motion for sentence reduction, showing the court's willingness to exercise that discretion as warranted. Accordingly, we hold that the district court did not err by denying VanHoesen's motion for a second reduction in his term of imprisonment under § 3582(c)(2) after considering VanHoesen's extensive criminal history and determining that denial of his reduction motion was "appropriate and necessary to protect the public from further crimes." Special App'x ("SPA") 21-22. The district court sufficiently explained its reasoning.

## II.     Denial of Motion for Reconsideration

Second, the district court acted within its discretion to deny VanHoesen's motion for reconsideration. VanHoesen contends, among other things, that "the court overlooked the drug, education[,] and career enhancing programs that [he] has eagerly consumed in an attempt to correct the behaviors of his criminal past and reduce the chance of his recidivism . . ." Joint App'x 141. However, in denying VanHoesen's motion, the district court explicitly addressed his rehabilitative efforts and compliance with prison rules:

> [W]hen deciding Defendant's previous Motion to reduce sentence, the Court obtained Defendant's prison disciplinary records, which documented his successful participation in numerous drug, education, and career enhancing programs. While the Court finds Defendant's participation in these programs laudable, this information was properly considered by the Court when issuing the [original] Order and is therefore not an appropriate ground to justify reconsideration.

SPA 26. Thus the district court accounted for VanHoesen's efforts, but denied both his sentence reduction and reconsideration motions due to concerns regarding public safety, as discussed above.

3

Accordingly, the district court did not err in denying VanHoesen's motion for reconsideration, and sufficiently explained its reasons for doing so.

## CONCLUSION

Upon independent review of the record, we find VanHoesen's claims to be without merit. We have considered all of the arguments raised by the parties on appeal and the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk