United States v. Pughe

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**
**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY
OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York,
on the 29th day of September, two thousand eleven,

Present:      ROSEMARY S. POOLER,
             BARRINGTON D. PARKER, JR.,
             DENNY CHIN,

                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                              *Appellee*,

                                                        09-4163-cr (L)
             -v-                                        10-1312-cr (Con)

DARIEN PUGHE,

                              *Defendant,*

JESSIE WRIGHT, DEWAYNE TAYLOR, AKA ANTHONY WATTS,
                              *Defendants-Appellants.*

_____


Appearing for Appellants:      Lucas E. Andino, New York, N.Y., for Dewayne Taylor
                               Paul P. Rinaldo, Forest Hills, N.Y., for Jessie Wright

Appearing for Appellee:        Matthew S. Amatruda, Susan Corkery, Assistant United
                               States Attorneys, *of counsel*, *for* Loretta E. Lynch, United
                               States Attorney for the Eastern District of New York,
                               Brooklyn, N.Y.

Appeals from the United States District Court for the Eastern District of New York (Amon, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of said District Court be and they hereby are **AFFIRMED**.

Appellants Jessie Wright and Dewayne Taylor were convicted of conspiracy to distribute fifty grams or more of a substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846. Wright was convicted on October 7, 2009, and was sentenced principally to 120 months' imprisonment. Taylor was convicted on June 24, 2009, and was sentenced principally to 270 months' imprisonment. Taylor and Wright now appeal from these judgments of conviction.

In reviewing these consolidated appeals, we assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Wright appeals the district court's denial of the joint motion to suppress the evidence, and Taylor joins the appeal pursuant to Federal Rule of Appellate Procedure 28(i). With respect to the suppression motion, appellants contest only the ruling that Agent Steve Hammonds's warrantless search of the glove compartment was valid.

On an appeal from a ruling on a motion to suppress, we review determinations of probable cause de novo, although we "review findings of historical fact only for clear error and . . . give due weight to inferences drawn from those facts by resident judges and law enforcement officers." *Ornelas v. United States*, 517 U.S. 690, 699 (1996).

We find no error in the district court's ruling. The search was lawful under the "plain view" doctrine and the "automobile" exception to the warrant requirement. Under the "plain view" doctrine, police may lawfully seize an object without a warrant if: (a) they are lawfully in a position from which they can view the object; (b) its incriminating character is immediately apparent; and (c) the officers have a lawful right of access to the object. *Horton v. California*, 496 U.S. 128, 136 (1990). The "automobile" exception allows a warrantless search of a vehicle if there is probable cause to believe it contains contraband. *See, e.g.*, *Carroll v. United States*, 267 U.S. 132, 153 (1925); *United States v. Ross*, 456 U.S. 798, 820-21 (1982) (holding warrantless automobile search may include containers in a car). The only apparent issue of contention here is whether Hammonds had probable cause.

Probable cause "is a flexible, common-sense standard. It merely requires that the facts available to the officer would warrant a man of reasonable caution in the belief that certain items may be contraband." *Texas v. Brown*, 460 U.S. 730, 742 (1983) (citation and internal quotation marks omitted). We use a "totality-of-the-circumstances" approach to determine whether there is probable cause. *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983). Given this standard, Agent Hammonds's testimony at the suppression hearing provided adequate evidence that he had probable cause to believe that the two baggies he observed contained crack cocaine. The court found this testimony credible, and appellants do not now dispute this finding.

While Agent Hammonds initially believed only that the baggies "most likely" contained

crack cocaine, Hr'g Tr. 40-41, and was not certain of their contents until after the search, Hr'g Tr. 48, "probable cause does not demand any showing that a good-faith belief be correct or more likely true than false. It requires only such facts as make wrongdoing or the discovery of evidence thereof probable." *Walczyk v. Rio*, 496 F.3d 139, 157 (2d Cir. 2007) (citation and internal quotation marks omitted).

Moreover, regardless of whether viewing the baggies in the glove compartment would alone have provided probable cause, Hammonds testified to facts providing further reason to believe the substance in the baggies was crack cocaine. First, he had substantial experience investigating narcotics-related crime. Experience of the officer is a relevant factor in the probable cause inquiry. *See, e.g.*, *United States v. Rosario*, 638 F.2d 460, 462 (2d Cir. 1980). Second, he observed Wright make furtive movements as he approached the vehicle, and he knew, based on his "experience with narcotics-related incidents . . . , [that] oftentimes the persons will make some attempt to conceal the narcotics." Hr'g Tr. 107. Third, after Wright saw Hammonds observe the two baggies, she made it "obvious she was trying to conceal whatever it was in the glove box by closing it in front of [him]." Hr'g Tr. 42. Finally, next to Pughe's bag in the backseat, Hammonds observed empty plastic sandwich bags like the baggies in the glove compartment. Hr'g Tr. 45. According to Hammonds's testimony, these bags were "immediately indicative . . . of the same type of baggies that we commonly see narcotics packaged in." Hr'g Tr. 46. He observed that there were no other groceries with the sandwich bags. Hr'g Tr. 104.

Viewing this evidence in the light most favorable to the government, Hammonds had probable cause to believe that the glove compartment contained crack cocaine, and he therefore could lawfully search the compartment for the crack cocaine under *Carroll* and *Ross*.

Taylor asserts that the government failed to present sufficient evidence that venue was proper in the Eastern District of New York. Under both the Sixth Amendment and Federal Rule of Criminal Procedure 18, a federal defendant has the right to be tried in the district where the crime was committed. The government contends that Taylor waived any valid objection to venue by failing to specify it in his motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 at the close of the government's evidence.

Although "waiver of objections to venue should not be readily inferred, we have identified two situations where a finding of waiver is proper: (a) when the indictment or statements by the prosecutor clearly reveal this defect but the defendant fails to object; and (b) when, after the government has concluded its case, the defendant specifies grounds for acquittal but is silent as to venue." *United States v. Price*, 447 F.2d 23, 27 (2d Cir. 1971).

Appellant concedes that he failed to object specifically to venue, but argues that failure to specify venue in a *general* Rule 29 motion does not waive a venue objection; rather, a defendant waives the objection only if he or she "*specifies* grounds for acquittal but is silent as to venue," as was the case in *Price*. Appellant Reply Br. 3-4 (emphasis added) (quoting *Price*, 447 F.2d at 27). It is true that two of our earlier cases suggest this distinction. *See United States v. Rivera*, 388 F.2d 545, 548 (2d Cir. 1968); *United States v. Gross*, 276 F.2d 816, 819 (2d Cir. 1960). The distinction, however, was not dispositive in either case. The established law of the Circuit is

now that "[a] general motion for a judgment of acquittal . . . is *not* sufficient to raise and preserve for appeal the question of venue." *United States v. Potamitis*, 739 F.2d 784, 791 (2d Cir. 1984) (emphasis added) (citing *United States v. Menendez*, 612 F.2d 51, 54-55 (2d Cir. 1979)). Rather, "[o]bjections to venue are waived unless specifically articulated in defense counsel's motion for acquittal." *Id.* at 791 (internal quotation marks omitted).

Even if Taylor had preserved his venue objection for appellate review, it would still be proper to affirm his conviction because there was sufficient evidence to support the jury's finding that venue was proper. "The government bears the burden of proving venue. Because venue is not an element of a crime, the government need establish it only by a preponderance of the evidence." *United States v. Tzolov*, 642 F.3d 314, 318 (2d Cir. 2011) (citation omitted).

"We review the sufficiency of the evidence as to venue in the light most favorable to the government, crediting every inference that could have been drawn in its favor." *Id.* at 318 (internal quotation marks omitted). "In a conspiracy prosecution, venue is proper in any district in which an overt act in furtherance of the conspiracy was committed by any of the coconspirators. The defendant need not have been present in the district, as long as an overt act in furtherance of the conspiracy occurred there." *United States v. Smith*, 198 F.3d 377, 382 (2d Cir. 1999) (citation and internal quotation marks omitted).

Taylor acknowledges that alleged coconspirator "Pughe's involvement in the conspiracy was the *sine qua non* of venue in this case," Appellant Reply Br. 5, but assumes that Pughe's acquittal prevented the jury from finding by a preponderance of the evidence that Pughe was a coconspirator. This assumption is incorrect:

> [E]vidence may well be sufficient to permit reasonable inferences that a given individual was more likely than not a member of the alleged conspiracy and performed a given act in furtherance of the conspiracy within the district of prosecution, thereby satisfying the venue requirement, even if the jury finds that same evidence not sufficiently persuasive to cause it, for purposes of assessing guilt, to draw those inferences beyond a reasonable doubt.

*United States v. Rosa*, 17 F.3d 1531, 1542 (2d Cir. 1994) (citing *United States v. Friedman*, 998 F.2d 53, 57 (2d Cir. 1993)). Viewing the evidence in the light most favorable to the government, the evidence was sufficient to find by a preponderance that Pughe was a coconspirator, that he committed overt acts in furtherance of the conspiracy while in the venue of prosecution, and that the venue of prosecution therefore was proper.

We have considered defendants-appellants' remaining arguments and find them to be without merit. Accordingly, the judgments of the district court hereby are AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4