12-1072-cr
*United States v. Steele*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2012

(Submitted: May 6, 2013                                    Decided: May 9, 2013)

Docket No. 12-1072-cr

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.

TERRENCE STEELE, also known as Tee-Fur, also known as T,
also known as T-Fur,

*Defendant-Appellant,*

CHRISTOPHER GOINS, also known as Mad Ball,

*Defendant.*[*]

_____

Before: CABRANES, WESLEY, and WALLACE,[†] Circuit Judges.

If a criminal defendant is sentenced to a term of imprisonment based on a provision of the

United States Sentencing Guidelines (the "Guidelines") that is subsequently amended by the

Sentencing Commission, a federal sentencing court may, in some circumstances, reduce the

defendant's term of imprisonment based on the amended Guidelines provision. *See* 18 U.S.C.

---

[*] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

[†] The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

1

§ 3582(c)(2). The question presented in this appeal is whether a sentencing court exercising this authority may give a defendant the additional benefit of a downward departure previously awarded in the original sentencing. We hold that the provisions of § 1B1.10 of the Guidelines, as incorporated by § 3582(c)(2), require a resentencing court to apply the amended Guidelines range that would have been applicable to the defendant under the retroactive amendment, *without* applying any previously-granted departure, except for a departure granted upon an appropriate motion by the government based on the defendant's substantial assistance. In other words, § 1B1.10 and § 3582(c)(2) together do not permit a resentencing court to downwardly depart from the amended Guidelines range, even if a downward departure was granted in the original sentencing, absent a government motion for a departure based on substantial assistance. Accordingly, the amended judgment of the United States District Court for the District of Connecticut (Ellen Bree Burns, *Judge*) is affirmed.

Affirmed.

Randall D. Unger, Law Offices of Randall D. Unger, Bayside, NY, *for Defendant-Appellant*.

Michael E. Runowicz, Sandra S. Glover, Assistant United States Attorneys, Ann E. Breuer, Law Student Intern, *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, CT, *for Appellee*.

PER CURIAM:

If a criminal defendant is sentenced to a term of imprisonment based on a provision of the United States Sentencing Guidelines (the "Guidelines") that is subsequently amended by the Sentencing Commission, a federal sentencing court may, in some circumstances, reduce the defendant's term of imprisonment based on the amended Guidelines provision. *See* 18 U.S.C. § 3582(c)(2). The question presented in this appeal is whether a sentencing court exercising this authority may give a defendant the additional benefit of a downward departure previously awarded in the original sentencing. We hold that the provisions of § 1B1.10 of the Guidelines, as incorporated by § 3582(c)(2), require a resentencing court to apply the amended Guidelines range that would have been applicable to the defendant under the retroactive amendment, *without* applying any previously-granted departure, except for a departure granted upon an appropriate motion by the government based on the defendant's substantial assistance to authorities. In other words, § 1B1.10 and § 3582(c)(2) together do not permit a resentencing court to downwardly depart from the amended Guidelines range, even if a downward departure was granted in the original sentencing, absent a government motion for a departure based on substantial assistance.

**BACKGROUND**

On December 11, 2006, a jury found defendant-appellant Terrence Steele guilty of (1) conspiring to possess with the intent to distribute, and to distribute, fifty grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 846; and (2) possessing with the intent to distribute fifty grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). At sentencing, the United States District Court for the District of Connecticut (Ellen Bree Burns, *Judge*) determined, as relevant here, that Steele's criminal history points and career offender designation corresponded to a criminal history category of VI. In his sentencing memorandum, however, Steele argued that this designation

3

overstated his criminal history. The Court agreed to downwardly depart from this criminal history category and sentenced Steele based on a criminal history category of V. Following an initial appeal not relevant here, the District Court resentenced Steele, after downwardly departing to a criminal history category of V, to 151 months' imprisonment, and that sentence was affirmed on Steele's second appeal.[1]

After Steele's resentencing, the Sentencing Commission promulgated Amendment 750, which retroactively lowered the base offense levels for crack-cocaine offenses pursuant to the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). Steele then moved in the District Court for yet another reduction in his sentence based on retroactive application of the new crack-cocaine sentencing rules in § 2D1.1 of the Guidelines. *See* U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10(c) (2012) (making retroactive the relevant part of Amendment 750). The government agreed that Steele was eligible for resentencing, *see id.* § 1B1.10(a), and should be resentenced based on a lower offense level. However, the government argued that the District Court must apply the sentencing range that would apply without departing from Steele's original criminal history category of VI, as it had done previously.

The District Court agreed with the government and therefore resentenced Steele based on a pre-departure Guidelines range of 140 to 175 months' imprisonment. The Court lowered Steele's prison sentence from 151 months to 140 months. *See* note 1, *ante*. Steele then brought the instant

---

[1] The District Court originally sentenced Steele to 324 months in prison, downwardly departing from criminal history category VI to category V, after applying a career offender enhancement. On Steele's first appeal, we rejected his challenges to his conviction, but remanded for the District Court to consider whether the "'crack-powder disparity might result in a sentence greater than necessary'" and to resentence accordingly. *United States v. Steele*, 283 F. App'x 838, 840-41 (2d Cir. 2008) (alteration omitted) (quoting *United States v. Regalado*, 518 F.3d 143, 147 (2d Cir. 2008)).

On remand, the District Court determined, based on changes in the law, that Steele no longer had career offender status, which determination substantially decreased his Guidelines range. Although Steele still qualified for criminal history category VI, the District Court again granted Steele a downward departure to criminal history category V, and sentenced him to 151 months in prison. On Steele's second appeal, we denied his claim that his sentence was procedurally and substantively unreasonable, and affirmed his 151-month sentence. *United States v. Steele*, 402 F. App'x 660, 662-63 (2d Cir. 2010).

appeal (his third), arguing that the District Court miscalculated the relevant Guidelines range by not lowering his criminal history category from VI to V, as it had in the earlier sentencings.

## DISCUSSION

Having reviewed *de novo* the legal questions presented in this appeal, *see United States v. Williams*, 551 F.3d 182, 185 (2d Cir. 2009), we hold that the provisions of § 1B1.10 of the Guidelines, as incorporated by § 3582(c)(2), require a resentencing court to apply the amended Guidelines range that would have been applicable to a defendant, *without* applying any departures other than one granted upon appropriate motion by the government based on a defendant's substantial assistance.

Our holding follows from the plain language of 18 U.S.C. § 3582(c)(2) and the relevant provisions of the Guidelines. Section 3582(c)(2) provides statutory authority for limited resentencing proceedings:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (emphasis added). This rule—namely, that resentencings pursuant to § 3582(c)(2) must be consistent with the applicable Guidelines policy statement—is mandatory. Accordingly, § 3582(c)(2) does not authorize "a plenary resentencing proceeding," *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010), and the resentencing court must treat the Guidelines as binding—not as "advisory" as it would at a defendant's initial sentencing, *id.* at 2691-93 (holding that the constitutional rule of *United States v. Booker*, 543 U.S. 220 (2005) does not apply to resentencing).

According to the relevant policy statement issued by the Sentencing Commission, in setting a

5

reduced sentence, a resentencing court must first "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). Amendment 759 to the Sentencing Guidelines, which became effective November 1, 2011, amended the advisory notes to § 1B1.10 to specify that this "applicable" Guidelines range "corresponds to the offense level and criminal history category determined pursuant to §[ ]1B1.1(a), *which is determined before consideration of any departure provision in the Guidelines Manual or any variance*." U.S.S.G. § 1B1.10 cmt. n.1(A) (emphasis added); *see Stinson v. United States*, 508 U.S. 36, 38 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."). The "applicable" amended Guidelines range under § 1B1.10(b)(1) therefore does not incorporate any Guidelines "departures."[2] *See* U.S.S.G. § 1B1.1 cmt. n.1(E) (defining "departure" as "imposition of a sentence outside the applicable guideline range or of a sentence that is otherwise different from the guideline sentence," or, for purposes of criminal-history departures under § 4A1.3, "assignment of a criminal history category other than the otherwise applicable criminal history category, in order to effect a sentence outside the applicable guideline range").

Having determined the applicable amended Guideline range, a district court may resentence a defendant within that range, but "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" for any

---

[2] The definition of the "applicable" Guidelines range as the *pre-departure* Guidelines range appears in the commentary note to § 1B1.10(a), *see* U.S.S.G. § 1B1.10 cmt. n.1(A), but we detect no reasoning that would overcome the presumption that the same definition applies when determining the "applicable" Guidelines range for purposes of § 1B1.10(b). *Cf. Brown v. Gardner*, 513 U.S. 115, 118 (1994) (noting the "presumption that a given term is used to mean the same thing throughout a statute"). For that reason, our conclusion is not put in doubt by the Guidelines instruction that, when calculating the amended "applicable" Guidelines range, "the court . . . shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Regardless of whether the decision to apply a departure provision is a "guideline application decision," that determination is irrelevant when calculating the "applicable" (*pre-departure*) amended Guidelines range.

6

reason other than the defendant's substantial assistance to the government. *Id.* § 1B1.10(b)(2). In other words, on resentencing pursuant to 18 U.S.C. § 3582(c), a defendant's reduced sentence generally may not fall below the *pre-departure* Guidelines range that would have been "applicable" to him had he been sentenced after the relevant amendment to the Guidelines, with an exception only for a departure based on a defendant's substantial assistance.[3] *See, e.g.*, *United States v. Berberena*, 694 F.3d 514, 518-19 (3d Cir. 2012) ("[The policy statement] prohibits a reduction below the low end of a prisoner's new range, even if the prisoner originally received a below-Guidelines sentence. The only exception is for defendants whose below-Guidelines sentences were based on a government motion to reflect the defendant's substantial assistance to authorities." (internal quotation marks omitted)); *United States v. Valdez*, 492 F. App'x 895, 900 (10th Cir. 2012) (unpublished and non-precedential decision) ("[I]t is clear as a matter of law that the district court correctly held that, except for a reduction for substantial assistance, it lacked the authority to depart further from the amended Guideline on the ground that Valdez had received a criminal history category reduction in his original sentencing proceeding.").

The Guidelines Manual Application Notes, as amended November 1, 2011, illustrate this rule by hypothetical, using the example of a defendant whose applicable Guidelines range at the

---

[3] This limitation on the application of departures in resentencing proceedings under § 3582(c)(2) was imposed by Amendment 759—the same Amendment which defined the "applicable" guidelines range as pre-departure and pre-variance. Prior to Amendment 759's effective date, a resentencing court was permitted to grant any downward departure—not just one based on a government motion relating to substantial assistance—that it had also granted in the original sentencing proceeding, but a resentencing court could not grant a *variance* that it had granted in the original sentencing. *See* U.S.S.G. § 1B1.10(b)(2)(B) (2010); *see also id.* § 1B1.1 cmt. n.1(E). Amendment 759 was designed, *inter alia*, to remove the distinction between a departure and a variance granted at the original sentencing (except in the case of a downward departure upon government motion based on substantial assistance), and to prevent either from being re-applied at resentencing. *See id.* app. C, amend. 759.

Notably, § 1B1.10(b), as revised by Amendment 759, makes no distinction between departures (or variances) given at the original sentencing to account for the crack-powder disparity and those given at the original sentencing for any other reason. The revised § 1B1.10(b) simply precludes district courts from granting *any* departure or variance granted at the original sentencing. Whatever the merits of this approach, the parties raise no statutory or constitutional challenge to § 1B1.10(b) as modified by Amendment 759, and we therefore address only the proper interpretation of the policy statement.

time of sentencing was 70 to 87 months' imprisonment and whose applicable amended Guidelines range is 51 to 63 months' imprisonment. U.S.S.G. § 1B1.10 cmt. n.3. In such a case, "if the term of imprisonment imposed . . . was not a sentence of 70 months (within the guidelines range) but instead was a sentence of 56 months (constituting a downward departure or variance), the court . . . may reduce the defendant's term of imprisonment, but shall not reduce it to a term less than 51 months." *Id.* Accordingly, the District Court correctly determined that it lacked the authority to further reduce Steele's sentence based on its previously-awarded downward departure, which reduced his criminal history category from VI to V.

We are mindful that our decision today departs from the understanding of § 1B1.10 that we articulated in *United States v. Rivera*, 662 F.3d 166 (2d Cir. 2011). In that case, we explained that "the 'guideline range applicable to the defendant' within the meaning of § 1B1.10 is the range that was actually used in sentencing the defendant," *id.* at 181 (quoting U.S.S.G. § 1B1.10). After that case was decided, however, the Sentencing Commission amended the Guidelines to specify, as noted above, that the "applicable Guidelines range" refers to "the guideline range that corresponds to the offense level and criminal history category determined pursuant to §[ ]1B1.1(a), *which is determined before consideration of any departure provision in the Guidelines Manual or any variance*." U.S.S.G. § 1B1.10 cmt. n.1(A) (emphasis added). Our decision in *Rivera* specifically acknowledged that this Guidelines amendment—which had been proposed pursuant to 28 U.S.C. § 994(u),[4] but had not yet been enacted—would "prescribe the precise construction of 'applicable guideline range' that we refuse to give the existing guideline, *i.e.*, it is the pre-departure range from the initial sentencing." *Rivera*, 662 F.3d at 183. In other words, *Rivera* recognized that its holding was limited and that it would not apply to cases where, as here, a defendant petitions for relief under § 3582(c)(2) *after* the 2011

---

[4] 28 U.S.C. § 994(u) provides that "[i]f the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

8

amendments to § 1B1.10 became effective.[5]

## CONCLUSION

To summarize:

(1)     We hold that the provisions of § 1B1.10 of the Guidelines, as incorporated by 18 U.S.C. § 3582(c)(2), require a resentencing court to apply the amended Guidelines range that would have been applicable to a defendant, *without* applying any departures other than one granted upon appropriate motion by the government based on a defendant's substantial assistance. In other words, § 1B1.10 and § 3582(c)(2) together do not permit a resentencing court to downwardly depart from the amended Guidelines range—even if a downward departure was granted in the original sentencing—except on a government motion for a departure based on substantial assistance.

(2)     Applying that rule to the facts of this case, we agree with the District Court that, absent a government motion for a departure based on substantial assistance, Steele was not entitled to a downward departure from a criminal history category of VI to a criminal history category of V in his resentencing pursuant to § 3582(c)(2), even though the District Court had granted such a departure in his original sentencing.

The amended judgment of the District Court is **AFFIRMED**.

---

[5] Steele's additional argument that the District Court may have applied a criminal history category of V as a variance rather than as a departure is both factually wrong and legally irrelevant. As a factual matter, Steele's argument finds no support in the record. *See, e.g.*, *United States v. Steele*, No. 3:05CR292 (EBB), slip. op. at 1 (D. Conn. Sept. 14, 2012), ECF No. 199 (Ruling on Motion for Reconsideration) (noting that the District Court had "granted Steele a one-level criminal history departure from CHC VI to CHC V pursuant to U.S.S.G. § 4A1.3"). As a legal matter, the relevant issue in this appeal is how to calculate the "applicable" amended Guidelines range, U.S.S.G. § 1B1.10(b)(1), which is determined without reference to departures *or* variances, *see id.* § 1B1.10 cmt. n.1(A); *see also* note 3, *ante* (providing definitions for "departure" and "variance," and explaining that generally neither departures nor variances are to be granted at resentencing proceedings under § 3582(c)(2)).