12-2439-cr
United States v. Marrero (Forde)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of May, two thousand thirteen.

Present:
> RALPH K. WINTER,
> PETER W. HALL,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

United States of America,

> *Appellee*,

> v.                                                     No. 12-2439-cr

Orande Forde,

> *Defendant-Appellant*,

Nelson Marrero, *et al*.,

> *Defendants*.

_____

FOR APPELLANT:          Andrew M. St. Laurent, Harris, O'Brien, St. Laurent &
                                        Houghteling LLP, New York, NY.

1

FOR APPELLEE:         PETER M. SKINNER, ASSISTANT UNITED STATES ATTORNEY (Katherine Polk Failla, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-Appellant Orande Forde appeals from the district court's June 2012 order denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the Sentencing Guidelines. On appeal, Forde concedes that (1) in originally sentencing him to 144 months' imprisonment, the district court departed and varied downward from the applicable Guidelines range for reasons other than his having provided substantial assistance to the Government; (2) the amended Guidelines range resulting from application of Amendment 750 is 168 to 210 months' imprisonment; and, therefore (3) as amended in November 2011, U.S.S.G. § 1B1.10(b)(2)(A) precluded the district court from reducing his sentence below the amended Guidelines range. Forde argues, nonetheless, that the Sentencing Commission exceeded its authority by amending § 1B1.10 generally to prohibit courts from re-imposing departures and variances that had been imposed in determining a defendant's original sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the specific issues raised on appeal.

Although we generally review a district court's decision to grant or deny a § 3582(c)(2) motion for abuse of discretion, *see United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009), the questions of law raised in this appeal are reviewed *de novo*, *see United States v. Main*, 579

F.3d 200, 202-03 (2d Cir. 2009). As Forde conceded at oral argument, his arguments are squarely foreclosed by our recent decisions in *United States v. Erskine* and *United States v. Steele*, both of which were issued after his appeal had been fully briefed. *See United States v. Erskine*, ---F.3d---, No. 12-921, 2013 WL 2249166, at *5-8 (2d Cir. May 23, 2013); *United States v. Steele*, ---F.3d---, No. 12-1072, 2013 WL 1908223, at *2 (2d Cir. May 9, 2013) (per curiam). In short, the above cases establish that (1) the district court correctly denied Forde's § 3582(c)(2) motion on the ground that pursuant to § 1B1.10(b)(2)(A) it lacked the authority to reduce his sentence below the amended Guidelines range; and (2) Forde's arguments that the Commission impermissibly enacted the relevant amendment to § 1B1.10 are unavailing. *See Steele*, 2013 WL 1908223, at *2 ("[T]he provisions of § 1B1.10 of the Guidelines, as incorporated by § 3582(c)(2), *require* a resentencing court to apply the amended Guidelines range that would have been applicable to a defendant, *without* applying any departures other than one granted upon appropriate motion by the government based on a defendant's substantial assistance.") (first emphasis added); *Erskine*, 2013 WL 2249166, at *5-8 (holding that, in enacting the relevant amendment to § 1B1.10, the Commission neither exceeded its authority under the Sentencing Reform Act nor unduly interfered with judicial discretion in sentencing).

We have considered Forde's remaining arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3