12-3133-cr
*United States v. Taylor*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of August, two thousand thirteen.

PRESENT:
        JOSÉ A. CABRANES,
        PETER W. HALL,
        DENNY CHIN,
            *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

      *Appellee*,

          v.                               No. 12-3133-cr

DEWAYNE TAYLOR, AKA ANTHONY WATTS,

      *Defendant-Appellant*,

DARIEN PUGHE, JESSIE WRIGHT,

      *Defendants*.[1]

_____

---

[1] The Clerk of Court is directed to amend the caption of this case to conform to the listing of the parties shown above.

FOR DEFENDANT-APPELLANT:  ANDREW M. ST. LAURENT (Lucas E. Andino, Law Office of Lucas E. Andino, *on the brief*), Harris, O'Brien, St. Laurent & Houghteling LLP, New York, NY.

FOR APPELLEE:  MATTHEW S. AMATRUDA (Peter A. Norling, *on the brief*), Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney, United States Attorney's Office for the Eastern District of New York, Brooklyn, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Carol B. Amon, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's July 24, 2012 order is **AFFIRMED**.

## BACKGROUND

Defendant-appellant DeWayne Taylor appeals from the District Court's July 24, 2012 order, which denied his motion for a modification of sentence pursuant to 18 U.S.C. § 3582(c)(2). Previously, a jury had convicted Taylor of conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841 and 846. Taylor's Guidelines range was 360 months' to life imprisonment, but the District Court imposed a below-Guideline sentence, sentencing him to 270 months' imprisonment. We affirmed Taylor's sentence on appeal. *See United States v. Pughe*, 441 F. App'x 776 (2d Cir. 2011) (non-precedential summary order).

As relevant here, in 2010, the United States Sentencing Commission ("Sentencing Commission") enacted Amendment 750 to the Guidelines, which "retroactively reduced the base offense levels for crack-cocaine offenses" pursuant to the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (2010). *See United States v. Figueroa*, 714 F.3d 757, 759 (2d Cir. 2013). In light of Amendment 750, the District Court *sua sponte* ordered the government to show cause why Taylor should not be resentenced pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10.

After receiving submissions from the parties, however, the District Court concluded that Taylor was not entitled to a sentence reduction because his "applicable guidelines range"—which is defined as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a) . . . *before* consideration of any departure provision in the Guidelines Manual or any variance," U.S.S.G. § 1B1.10 cmt. n.1(A) (2011) (emphasis supplied)—was not lowered by the relevant amendments to the Guidelines, *see* App'x 14. In light of the District Court's finding that "[t]he new amendments do not change Taylor's Guidelines range," it denied

2

Taylor a sentence reduction. *Id.*; *see also* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [a]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range."). This appeal followed.

## DISCUSSION

We generally review "a district court's decision to modify or maintain a sentence under 18 U.S.C. § 3582(c)(2) for abuse of discretion," *Figueroa*, 714 F.3d at 759, but the questions of law raised in this appeal are reviewed *de novo*, *see United States v. Main*, 579 F.3d 200, 202-03 (2d Cir. 2009).

On appeal, Taylor does not dispute the District Court's analysis or interpretation of § 1B1.10 of the Guidelines and its corresponding commentary. Rather, he attacks the validity of the amended version of § 1B1.10, arguing that: (1) the Sentencing Commission exceeded its authority and went beyond the directives of the Sentencing Reform Act ("SRA") in amending § 1B1.10; (2) the Sentencing Commission's amendment of § 1B1.10 violates separation-of-powers principles; and (3) the Sentencing Commission failed to follow the notice-and-comment procedural requirements, as set forth by the Administrative Procedure Act ("APA"), when it amended § 1B1.10.

As Taylor's counsel conceded at oral argument, however, Taylor's arguments are foreclosed by two of our recent decisions, which were decided after the briefing in this case was concluded. *See United States v. Erskine*, 717 F.3d 131, 136-41 (2d Cir. 2013); *United States v. Steele*, 714 F.3d 751, 752 (2d Cir. 2013). Those two cases make clear that: (1) the District Court correctly concluded that it lacked the authority to resentence Taylor below his amended Guidelines range, *see Steele*, 714 F.3d at 753 ("[T]he provisions of § 1B1.10 of the Guidelines . . . require a resentencing court to apply the amended Guidelines range that would have been applicable to a defendant, without applying any departures other than one granted upon appropriate motion by the government based on a defendant's substantial assistance." (emphasis omitted)); and (2) Taylor's arguments related to the impermissibility of the relevant amendment to U.S.S.G. § 1B1.10 are without merit, *see Erskine*, 717 F.3d at 136-41 (rejecting arguments that the relevant amendment to U.S.S.G. § 1B1.10 was enacted in violation of the SRA, separation of powers principles, and the APA). Accordingly, the District Court did not err by refusing to reduce Taylor's sentence.

## CONCLUSION

We have considered all of Taylor's arguments on appeal and find them to be without merit. For the reasons stated, we **AFFIRM** the District Court's July 24, 2012 order, which denied Taylor's motion for a modification of sentence pursuant to 18 U.S.C. § 3582(c)(2).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk