*United States v. Smith*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7ᵗʰ day of March, two thousand sixteen.

PRESENT:    JOSÉ A. CABRANES,
            DEBRA ANN LIVINGSTON,
            GERARD E. LYNCH,
                    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Appellee,*

            v.                                      No. 15-1620

DARIUS G. SMITH, AKA "D,"

                    *Defendant-Appellant.*[*]

_____

**FOR THE UNITED STATES OF AMERICA:**    Daniel Hanlon & Steven D. Clymer, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

---

[*] The Clerk of Court is instructed to amend the caption of this appeal as indicated above.

**FOR DEFENDANT-APPELLANT:**     Darius G. Smith, *pro se*, Bruceton Mills, WV.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Darius G. Smith ("Smith"), proceeding *pro se*, appeals from the District Court's April 16, 2015 order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's decision to deny a motion for sentence reduction under 18 U.S.C. § 3582(c)(2) for abuse of discretion." *United States v. Rios*, 765 F.3d 133, 137 (2d Cir. 2014) (alterations and internal quotation marks omitted).[1] An abuse of discretion "occurs when (1) the court's decision rests on an error of law or clearly erroneous factual finding, or (2) its decision cannot be located within the range of permissible decisions." *CBS Broad. Inc. v. FilmOn.com, Inc.*, —F.3d—, 2016 WL 611903, at *9 (2d Cir. Feb. 16, 2016) (alterations and internal quotation marks omitted). Applying this standard, we conclude that the District Court did not abuse its discretion in denying Smith's motion, and we therefore affirm the District Court's judgment.

In relevant part, Section 3582(c)(2) provides that a court "may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C [§] 994(o)," it may do so "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). But Section 1B1.10(b)(2)(A) of the Federal Sentencing Guidelines (the "Guidelines") provides that "the court shall not reduce the defendant's term of imprisonment under [Section] 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).[2] The "amended guideline range" is the

---

[1] "'[A]buse of discretion' is a distinctive term of art that is not meant as a derogatory statement about the district judge whose decision is found wanting." *Vill. of Freeport v. Barrella*, —F.3d—, 2016 WL 611877, at *7 (2d Cir. Feb. 16, 2016) (internal quotation marks omitted).

[2] We note that there is an exception to this general prohibition for a "defendant's substantial assistance to authorities," U.S.S.G. § 1B1.10(b)(2)(B), but it is inapplicable to Smith. We also note that, in deciding a motion for sentence reduction pursuant to Section 3582(c)(2), a court must treat

"guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." *Id.* § 1B1.10(b)(1).

Here, the District Court determined that Smith's criminal-history category was V, and that his base offense level was 27, under Section 2D1.1 of the Guidelines. *See id.* § 2D1.1. This determination yielded a Guidelines range of 120–150 months. But the District Court departed downward pursuant to Section 4A1.3(b) of the Guidelines, applying a criminal history category of IV instead of V, which lowered Smith's Guidelines range to 100–125 months. *See id.* § 4A1.3(b). The District Court selected the bottom of this range, and also gave Smith credit for eight months that he had spent in state custody for a related offense under Section 5G1.3(b) of the Guidelines. *See id.* § 5G1.3(b). Accordingly, on April 19, 2013, the District Court sentenced Smith to 92 months' imprisonment.

Following Smith's sentence, the United States Sentencing Commission (the "Commission") adopted Amendment 782, which modified Section 2D1.1 to lower the Guidelines range for certain categories of drug-related offenses. *See* U.S.S.G. Supp. to App. C, Amd. 782 (2014). The Commission also adopted Amendment 788, which authorized Amendment 782's retroactive application to defendants like Smith who were sentenced before its effective date of November 1, 2014. *See* U.S.S.G. Supp. to App. C, Amd. 788 (2014).

If Amendment 782 had been in effect when Smith was sentenced, his base offense level would have been 25 instead of 27. Smith's new base offense level of 25, combined with his original criminal history category of V, yields an amended Guidelines range of 100–125 months. Thus, because Smith was sentenced to 92 months, eight months below the minimum of the amended Guidelines range, and because Section 1B1.10(b)(2)(A) prohibits the reduction of a defendant's term of imprisonment to "less than the minimum of the amended guideline range," U.S.S.G. § 1B1.10(b)(2)(A), Smith is ineligible for a sentence reduction.

The fact that the District Court originally departed downward with respect to Smith's criminal-history category does not alter this conclusion. In *United States v. Montanez*, 717 F.3d 287 (2d Cir. 2013), we explained that "a court does not depart under § 4A1.3 when calculating a defendant's applicable guideline range, but instead departs *from* the applicable guideline range under § 4A1.3 *after* having calculated that range. Consequently, the 'amended guideline range' . . . does not incorporate any departure a court previously granted under § 4A1.3." *Id.* at 292 (emphases in original). Thus, a court does "not have the discretion to give defendants the benefit of § 4A1.3 departures during sentencing reduction proceedings." *Id.* at 294; *see also United States v. Erskine*, 717 F.3d 131, 137 n.6 (2d Cir. 2013) (noting that Section 1B1.10 "does not permit a district court to apply a previous

applicable Guidelines provisions as binding rather than merely advisory. *See United States v. Steele*, 714 F.3d 751, 754 (2d Cir. 2013).

variance or departure to [a] sentence outside the reduced Guidelines range unless the defendant previously received a downward departure based on substantial assistance to the Government"); *United States v. Steele*, 714 F.3d 751, 755 (2d Cir. 2013) ("[A] defendant's reduced sentence generally may not fall below the *pre-departure* Guidelines range that would have been 'applicable' to him had he been sentenced after the relevant amendment to the Guidelines, with an exception only for a departure based on a defendant's substantial assistance." (emphasis in original)).

Smith's reliance on the law-of-the-case doctrine is equally unavailing. That doctrine "does not rigidly bind a court to its former decisions, but is only addressed to its good sense. . . . While informing the court's discretion, [it] does not limit the tribunal's power." *United States v. Brown*, 623 F.3d 104, 111 (2d Cir. 2010) (internal quotation marks omitted). Section 1B1.10(b)(2)(A), on the other hand, does limit a court's power, as explained above. And the District Court's denial of Smith's motion here was fully in accordance with that limitation.

## CONCLUSION

We have considered all of Smith's other arguments on appeal and found them to be without merit. Accordingly, we **AFFIRM** the District Court's April 16, 2015 order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk