NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted March 21, 2016[*]
Decided April 8, 2016

Before

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 15-3061 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | No. 07 CR 211 |
| KIRK ACREY, *Defendant-Appellant*. | Amy J. St. Eve, *Judge*. |

### Order

After the Sentencing Commission lowered the drug table by two levels, and made this change retroactive (see Amendment 782), Kirk Acrey asked the district court to reduce his sentence. The judge denied his motion, explaining that Amendment 782 had not changed the Guideline range under which Acrey was sentenced. The judge observed that Acrey's range came from the career-offender

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Guideline, not from the drug table, and that the Sentencing Commission had not changed the career-offender Guideline.

On appeal Acrey contests this understanding, observing that at sentencing the district court did not rely wholly on the career-offender Guideline. Ruling that Acrey's criminal-history score may have overstated the seriousness of his record, the district judge took the drug table into account in imposing his 150-month sentence. That decision to vary from the career-offender Guideline is enough, Acrey maintains, to support a conclusion that his sentence was based on the drug table, which he contends makes him eligible for a reduction under Amendment 782.

His problem, however, is that 18 U.S.C. §3582(c)(2), which authorizes reductions in sentences "based on" Guidelines later reduced, also specifies that reduction is permissible only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." And through Amendment 759, issued in 2011, the Commission specified that reductions are available only if an amendment lowered the defendant's "applicable guideline range," which is the range "determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. §1B1.10 n.1(A). Acrey's "applicable guideline range" is the career-offender range, which has not been lowered. Section 1B1.10 n.1(A) applies even if the "applicable guideline range" was not in fact the basis for Acrey's sentence. See, e.g., *United States v. Steele*, 714 F.3d 751, 753–57 (2d Cir. 2013); *United States v. Flemming*, 723 F.3d 407, 411–13 (3d Cir. 2013); *United States v. Pleasant*, 704 F.3d 808, 811–14 (9th Cir. 2013).

Because the career-offender Guideline is the "applicable guideline range" for Acrey notwithstanding the district judge's reference to the drug table in his sentencing, he is ineligible for a lower sentence under Amendment 782.

AFFIRMED