16-928-cr
*United States v. Zandi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand seventeen.

Present:
>JOHN M. WALKER, JR.,
>DEBRA ANN LIVINGSTON,
>     *Circuit Judges*,
>VINCENT L. BRICCETTI,
>     *District Judge*.\*

---

UNITED STATES OF AMERICA,

>*Appellee*,

>v.                                                        16-928-cr

MAHMUD ZANDI,

>*Defendant-Appellant*,

MOHAMED NASSIR, AHMED SHAAT A/K/A EDWARD LEE MIKE, SADEQ H. ALABUDI A/K/A AL,

>*Defendants*.

---

\* Judge Vincent L. Briccetti, of the United States District Court for the Southern District of New York, sitting by designation.

For Appellee:                        NOMI D. BERENSON (Jo Ann M. Navickas, *on the brief*) for Robert L. Capers, United States Attorney for the Eastern District of New York, New York, New York

For Defendant-Appellant:             KHALIL KAMEL EL ASSAAD (James C. Neville, *on the brief*), Lumer & Neville, New York, New York

Appeal from a judgment of the United States District Court for the Eastern District of New York (Wexler, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Mahmud Zandi is serving a 240-month prison sentence after conviction for conspiracy and attempt to manufacture methamphetamine, *see* 21 U.S.C. §§ 846, 841(b)(1)(A)(viii), and to possess and distribute pseudoephedrine to be used to manufacture methamphetamine, *see id.* §§ 846, 841(c). Zandi appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c) and Amendment 782 to the United States Sentencing Guidelines ("the Guidelines"). We assume the parties' familiarity with the facts, procedural history of the case, and the issues on appeal.

We review de novo a district court's determination of a defendant's eligibility for a sentence reduction under § 3582(c)(2). *United States v. Christie*, 736 F.3d 191, 195 (2d Cir. 2013). Under § 3582(c)(2), a district court may reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). In 2014, the United States Sentencing Commission issued Amendment 782, reducing by two the offense levels for certain controlled-substances offenses. *See* U.S. Sentencing Guidelines Manual supp. to app. C,

2

amend. 782 (U.S. Sentencing Comm'n 2016). The Sentencing Commission also issued Amendment 788, providing for the retroactive application of Amendment 782. *Id.* amend. 788.

As the district court correctly held, Zandi is ineligible for a sentence reduction under § 3582(c) because Amendment 782 did not lower the sentencing range applicable to him. When sentencing Zandi in 2007, the district court determined that his base offense level was 38 according to the then-applicable drug quantity table. At the time, this offense level applied to a defendant responsible for 15 kilograms or more of methamphetamine. U.S.S.G. § 2D1.1(c)(1) (2006 ed.). Zandi fell into this category because the district court adopted the finding of the United States Probation Office ("Probation"), noted in its Presentence Investigation Report ("PSR"), that Zandi was responsible for the equivalent of 300 kilograms of methamphetamine. In light of Zandi's criminal history category of II, the Guidelines sentencing range was between 262 and 327 months. Under the post–Amendment 782 drug quantity table, an offender responsible for the equivalent of 300 kilograms of methamphetamine would still have a base offense level of 38. *Id.* § 2D1.1(c)(1) (2016 ed.) (assigning this offense level to defendants responsible for 45 kilograms or more of methamphetamine). If the offender's criminal history category were II, the Guidelines sentencing range would remain between 262 and 327 months. Because this range is the same as the one applicable to Zandi in 2007, § 3582(c)(2) does not authorize the district court to reduce his sentence.

Zandi argues that although at his sentencing the district court recited his base offense level of 38, the fact that the district court imposed a 240-month below-Guidelines prison sentence means the district court effectively sentenced him based on a lower base offense level of 36. However, even if we were to adopt this position, for which the record provides no support, Zandi would remain ineligible for a § 3582(c) sentence reduction. This is because, as

3

illustrated above, Amendment 782 did not alter the sentencing ranges applicable to certain base offense levels, it changed the base offense levels applicable to defendants responsible for certain drug quantities. *See* U.S.S.G. § 2D1.1(c) (2016 ed.); U.S.S.G. § 2D1.1(c) (2006 ed.). To the extent Zandi contends he received a below-Guidelines sentence because the district court held him responsible for a lower quantity of methamphetamine, there is no support for that conclusion in the record either. Significantly, Zandi concedes that the district court adopted Probation's finding, noted in the PSR, that he was responsible for the equivalent of 300 kilograms of methamphetamine.

Because Zandi is ineligible for a § 3582(c)(2) sentence reduction, we need not reach his contention that application to him of a 2011 amendment to the Sentencing Guidelines removing a district court's discretion to grant a downward departure upon resentencing if the defendant had received a comparable departure at his initial sentencing would be an ex post facto violation. *See* U.S.S.G. § 1B1.10(b) (2016 ed.); U.S.S.G. § 1B1.10 cmt. app. n.3 (2006 ed.); *see also United States v. Steele*, 714 F.3d 751, 755 (2d Cir. 2013) (per curiam). We note, however, that our recent decision in *United States v. Ramirez*, 846 F.3d 615 (2d Cir. 2017), forecloses this argument.

We have considered all of Zandi's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4