NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 9 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    21-50024 |
| Plaintiff-Appellee, | D.C. No. 5:17-cr-00159-PA-2 |
| v. | |
| DANIEL RAY, AKA Popeye, AKA Daniel T. Ray, AKA Daniel Thomas Ray, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted April 12, 2022**
Pasadena, California

Before:  CALLAHAN and VANDYKE, Circuit Judges, and EZRA,*** District
Judge.

The district court sentenced Appellant Daniel Ray ("Appellant") to a

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral
argument.  *See* Fed. R. App. P. 34(a)(2).

*** The Honorable David A. Ezra, United States District Judge for the District of
Hawaii, sitting by designation.

95-month term of imprisonment and a 3-year term of supervised release. On appeal, Appellant contends the district court erred by (1) failing to adequately explain its reasons for imposing 95 months of imprisonment; and (2) improperly delegating authority to the probation office for two of the conditions applicable to Appellant's supervised release. Because we conclude that (1) the district court adequately explained its basis for imposing a 95-month term of imprisonment; and (2) Appellant's challenge to his supervised release conditions is premature, we affirm.

While serving a federal prison term unrelated to the instant case, Appellant was involved in a violent attack on another inmate and a jury found him guilty under an aiding and abetting theory of liability. At Appellant's initial sentencing, the district court adopted a criminal history score which improperly included four points for Appellant's juvenile adjudications. Relying on the criminal history score, the court used an inflated guideline range of 100 to 125 months in deciding Appellant's sentence. Because the juvenile adjudications should not have been included in the criminal history score calculation, Appellant's original sentence of 100 months was vacated on appeal and his case was remanded for resentencing. *United States v. Ray*, 811 F. App'x 414, 417 (9th Cir. 2020). At resentencing, the district court applied the correct guideline range of 84 to 105 months, sentenced Appellant to a term of 95 months' imprisonment, and imposed several supervised

2

release conditions.

Before imposing Appellant's new sentence, the district court applied multiple 18 U.S.C. § 3553 factors to the facts of Appellant's case and explained why it was rejecting Appellant's request for a downward variance. After the court announced Appellant's revised sentence, Appellant asked why his new sentence was not at the bottom of his guideline range like his original sentence. The court responded that, while there was some merit to the Government's request that the original sentence of 100 months be reimposed, the court chose to give Appellant credit for his conduct since his original sentencing by reducing that sentence by 5 months. Appellant contends this explanation was procedurally inadequate. However, because "the record makes clear that the sentencing judge considered the relevant evidence and argument," we affirm.[1] *See United States v. Vasquez-Cruz*, 692 F.3d 1001, 1008 (9th Cir. 2012) (concluding there was no procedural error where district court considered the § 3553 factors and explained that it saw no basis to depart from the guideline range).

Appellant next argues that the district court improperly delegated authority

---

[1] While the parties do not agree on what standard of review we should apply in determining the adequacy of the district court's sentencing explanation, we hold that the court's explanation was sufficient even if we were to review it de novo as Appellant urges. *See, e.g.*, *United States v. Rangel*, 697 F.3d 795, 803 n.7 (9th Cir. 2012) (declining to settle dispute surrounding applicable standard of review because district court did not err even under more stringent standard).

to the United States Probation Office ("Probation") by imposing the following supervised release conditions: (1) "[t]he defendant shall comply with the rules and regulations of the United States Probation Office and Second Amended General Order 20-04[;]" and (2) "[t]he defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant[,] and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." According to Appellant, these conditions granted Probation "unfettered authority" to create additional supervised release conditions.

At this point, none of the supervised release conditions the district court imposed have been enforced.[2] Thus, we conclude that Appellant's challenge is premature. *See United States v. Romero*, 676 F.2d 406, 407 (9th Cir. 1982) (declining to "speculate on circumstances under which . . . probation could be revoked"); *United States v. Vega*, 545 F.3d 743, 750 (9th Cir. 2008) ("If and when supervised release is revoked, we will examine the findings to [e]nsure that defendant's due process right to notice of prohibited conduct has been observed and to protect him from unknowing violations." (cleaned up)).

---

[2] In fact, Appellant is not expected to commence his term of supervised release for nearly 10 years.

Appellant cites *United States v. Phillips*, 714 F.3d 754 (9th Cir. 2012), in arguing that his challenge is not premature. In that case, the Ninth Circuit held that Phillips "should not have to wait until after he was arrested and forced to endure proceedings on [a violation of the challenged supervised release condition] in order to have the condition declared vague or overbroad." *Id.* at 768 n.13. However, *Phillips* is distinguishable from the instant case. In *Phillips*, the court considered the validity of an existing supervised release condition Phillips was expected to comply with. *Id.* at 767. Here, on the other hand, Appellant asks us to imagine release conditions that he anticipates Probation may take the liberty of imposing sometime in the future. Doing so would be especially speculative considering the conditions appear not to vest additional authority in the probation office, but rather to address Appellant's obligation to comply with Probation's *existing* authority. In other words, both conditions control what *Appellant* is obligated to do in relation to Probation's already vested authority.[3]

Considering the validity of the challenged conditions at this stage would

---

[3] Indeed, were we to consider Appellant's challenge on the merits, we would reach the same result. Specifically, considering the district court carefully outlined Probation's authority and responsibilities in its judgment order, a reasonable person would not understand the challenged conditions to grant Probation the sort of sweeping authority Appellant claims. *See Phillips*, 704 F.3d at 768 (adopting a "common sense reading" of challenged supervised release conditions and rejecting unreasonable alternative interpretation).

require us to guess at whether Probation may someday invent and enforce additional supervised release conditions. We decline to speculate here.

**AFFIRMED.**